# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TD AMERITRADE, INC., *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>JAMES RICHARD MATTHEWS,<br><br>　　　　　　　　Defendant. | Case No. 3:16-cv-00136-SLG |

## ORDER RE MOTION TO STAY ALL PROCEEDINGS

Before the Court at Docket 185 is Defendant-Counterclaimant James Richard Matthews' Motion to Stay All Proceedings Including Discovery Based Upon Illness of Attorney. Plaintiffs-Counterclaim-Defendants ("TD Ameritrade") responded in opposition at Docket 190. Mr. Matthews replied at Docket 191.

## BACKGROUND

This case has a protracted history. The Court entered a Scheduling and Planning order in May of 2017, setting the deadlines for fact and expert discovery in February and March of 2018, respectively.[1] In February 2019, after denying TD Ameritrade's motion to dismiss, the Court entered an updated schedule with the close of all discovery on September 27, 2019.[2] The Court later extended these

---

[1] Docket 43 at 3 (Scheduling & Planning Order).

[2] Docket 114.

deadlines by 30 days at the parties' request.[3]  On November 5, 2019, the Court granted Mr. Matthews' motion to extend the close of discovery by two months until December 27, 2019, cautioning that "no further extensions of the discovery deadlines will be granted absent exceptional good cause."[4]  Thereafter, on November 21, 2019, the Court granted Mr. Matthews' unopposed motion to stay proceedings due to his counsel's medical concerns.[5]  Due to the ongoing nature of counsel's medical condition, the Court granted several additional stays, the last one of which expired on July 6, 2020.[6]  In an order on January 15, 2020, the Court instructed Mr. Matthews to take steps to identify substitute counsel or co-counsel.[7]

On July 30, 2020, at the Court's direction, the parties filed an amended scheduling and planning conference report.[8]  The parties were unable to agree on a schedule and the Court adopted Mr. Matthews' more extended proposal including September 17, 2020 for close of fact discovery and December 3, 2020,

---

[3] Docket 145.

[4] Docket 153 at 7.

[5] Docket 162 (granting four week stay and extending discovery deadline until January 3, 2020); Docket 163 (vacating status conference).

[6] *See* Docket 166 (staying proceedings until January 16, 2020); Docket 169 (staying proceedings until February 20, 2020); Docket 175 (staying proceedings until April 30, 2020); Docket 177 (staying proceedings until July 6, 2020).

[7] Docket 169 at 1.

[8] Docket 179 (Am. Scheduling & Planning Conference Report).

Case No. 3:16-cv-00136-SLG,  *TD Ameritrade, et al. v. Matthews*
Order re Motion to Stay All Proceedings
Page 2 of 8
Case 3:16-cv-00136-SLG   Document 192   Filed 12/29/20   Page 2 of 8

for close of expert discovery.[9] On August 18, 2020, Mr. Matthews moved for the Court to reconsider its November 5, 2019 order limiting the scope of discovery and asked for a further extension to complete additional discovery based on this request.[10] The Court declined to modify the prior order—noting that the motion to reconsider it was filed nine months after that order had been entered and six weeks after the stay had ended—and denied the request for additional time to complete additional discovery.[11]

Mr. Matthews now asks the Court to stay all proceedings and extend the discovery deadline for thirteen weeks.[12]

## DISCUSSION

Mr. Matthews' counsel informs the Court that his illness has unexpectedly worsened and that he is unable to prepare for and participate in certain remaining discovery tasks.[13] Mr. Matthews represents that he has been unsuccessful in his efforts to find substitute counsel or co-counsel, positing that COVID-19 quarantines have frustrated these efforts, along with the complexity of the subject matter and

---

[9] Docket 179 at 3–4; Docket 180 at 4 (Am. Scheduling & Planning Order).

[10] Docket 181 at 3, ¶ 4.

[11] Docket 184 at 6.

[12] Docket 185-7 (Proposed Order).

[13] Docket 185 at 2.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Stay All Proceedings
Page 3 of 8
Case 3:16-cv-00136-SLG   Document 192   Filed 12/29/20   Page 3 of 8

the contingency fee arrangement he seeks.[14] Mr. Matthews contends that he is eager to complete discovery and that he will not delay or stall if he is granted this additional extension, adding that TD Ameritrade will not face any prejudice as a result of a stay.[15]

TD Ameritrade opposes the request to stay all proceedings, but agrees to a one month extension of the January 4, 2021 deadline for the filing of summary judgment and *Daubert* motions.[16] TD Ameritrade emphasizes that it has not opposed any stay requests for the past year, but that Mr. Matthews has not identified any prospects for substitute counsel even ten months after the Court ordered him to do so.[17] TD Ameritrade contends that it will be prejudiced by the delay because as time passes, it may lose key witnesses, particularly in light of a recent merger and because the memories of those witnesses will continue to fade.[18] TD Ameritrade adds that counsel should be permitted to withdraw, to allow the case to go forward with Mr. Matthews acting *pro se*.[19]

---

[14] Docket 185 at 4.

[15] Docket 185 at 4.

[16] Docket 190 at 2–3.

[17] Docket 190 at 2–3.

[18] Docket 190 at 5–6.

[19] Docket 190 at 7.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Stay All Proceedings
Page 4 of 8
Case 3:16-cv-00136-SLG   Document 192   Filed 12/29/20   Page 4 of 8

Mr. Matthews replies that he has taken steps to identify alternative counsel, and that, even though he has not been successful in retaining them, his counsel hired a paralegal in February 2020 who has been assisting with the case.[20] He adds that his counsel's other paralegal, recently troubled by his own health concerns, is on the road to recovery.[21] Based on the foregoing, Mr. Matthews contends that he has offered a "clear timetable" to complete certain outstanding discovery tasks, although that "timetable" appears to consist of a proposal for a 13-week extension and asks the Court to schedule a conference with the parties to establish the actual timetable.[22]

The Court evaluates Mr. Matthews' request under Federal Rule of Civil Procedure 16(b). "Once [a] district court ha[s] filed a pretrial scheduling order," Rule 16 controls.[23] Pursuant to Rule 16(b), a court's pretrial scheduling order can only be modified "for good cause."[24] The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment."[25] "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the

---

[20] Docket 191 at 5.

[21] Docket 191 at 5.

[22] Docket 191 at 5–6.

[23] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

[24] Fed. R. Civ. P. 16(b)(4); *see also Mammoth Recreations, Inc.*, 975 F.2d at 608.

[25] *Mammoth Recreations, Inc.*, 975 F.2d at 609.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Stay All Proceedings
Page 5 of 8
Case 3:16-cv-00136-SLG   Document 192   Filed 12/29/20   Page 5 of 8

party seeking the extension.'"[26] While "prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [and] [i]f that party was not diligent, the inquiry should end."[27]

The Court is sympathetic to counsel's medical condition and the difficulties he has faced as a result. However, the Court concludes that Mr. Matthews has not demonstrated that he has diligently pursued discovery during the period of time when his counsel was in better health and particularly in the months following the stay's expiration on July 6, 2020.

Although Mr. Matthews contends that he is eager to complete discovery, the record in this case suggests otherwise. In November of 2019, this Court granted Mr. Matthews' request for a two-month extension of discovery deadlines, which he contended then was necessary because TD Ameritrade did not timely disclose its witnesses. Although the Court found at the time that TD Ameritrade's explanation for the delay "may have considerable merit," it nevertheless granted the extension, but cautioned that there would be no further extensions "absent exceptional good cause."[28] Thus, even prior to his counsel's medical condition, Mr. Matthews was not a model of diligence. The Court further finds that Mr. Matthews has not been

---

[26] *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

[27] *Id.*

[28] Docket 153 at 6–7.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Stay All Proceedings
Page 6 of 8
Case 3:16-cv-00136-SLG   Document 192   Filed 12/29/20   Page 6 of 8

diligent in pursuing discovery during the most recent period of time when his counsel was in better health. The Court understands that when the stay expired on July 6, 2020, counsel's health had improved enough to resume work (albeit with reduced hours and with the assistance of his paralegals) and that it remained improved until sometime in October, 2020.[29] However, based on the record before the Court, it appears that Mr. Matthews did not take any depositions or respond to any discovery requests during those months, despite being on clear notice from the Court that further discovery extensions would not be approved absent exceptional circumstances.[30] Indeed, Mr. Matthews evidently scheduled a single deposition for September, but he cancelled it the day before it was scheduled to occur because he had not correctly noticed it up.[31] Moreover, nearly a year ago, the Court ordered Mr. Matthews to take steps to identify alternative counsel.[32] Although Mr. Matthews' counsel describes some efforts that were made to do so, the Court cannot conclude, in light of the history in this case, that Mr. Matthews

---

[29] *See* Docket 176 at 2 (counsel for Mr. Matthews representing on May 29, 2020 that "my medical condition has improved, and continues to improve steadily"); *see also* Docket 185 (December 3, 2020 filing indicating that counsel's health had "recently deteriorated"); Docket 185-1 at 4–6); Docket 185-1 at 8.

[30] *See* Docket 185 at 2–3 (listing outstanding discovery). Counsel for Mr. Matthews indicates that the was able to serve an expert report, prepare a deposition that was cancelled, and oversee the service of Requests for Admission. Docket 185 at 2.

[31] Docket 185 at 2; Docket 185-2 at 2–3 (cancelling deposition because of improper Fed. R. Civ. P. 30(b)(6) notice).

[32] Docket 169.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Stay All Proceedings
Page 7 of 8
Case 3:16-cv-00136-SLG   Document 192   Filed 12/29/20   Page 7 of 8

has been sufficiently diligent to warrant yet another modification and extension of the pretrial schedule.

## CONCLUSION

In light of the foregoing, Defendant's Motion to Stay All Proceedings Including Discovery at Docket 185 is DENIED.

Both parties appear to agree to extend the deadline for summary judgment and *Daubert* motions; therefore, IT IS ORDERED that the deadline for dispositive and Daubert motions is extended to **February 4, 2021.**

DATED this 29th day of December, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Stay All Proceedings
Page 8 of 8
Case 3:16-cv-00136-SLG   Document 192   Filed 12/29/20   Page 8 of 8