# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TD AMERITRADE, INC. *et al.*, | |
|     Plaintiffs-Counter-Defendants, | Case No. 3:16-cv-00136-SLG |
| v. | |
| JAMES RICHARD MATTHEWS, | |
|     Defendant-Counter-Claimant. | |

## ORDER RE MOTION TO ACCEPT LATE FILINGS

Before the Court at Docket at 216 is Defendant-Counterclaimant James Matthews's Motion to Accept Late Filings. Plaintiffs-Counter-Defendants TD Ameritrade Inc., TD Ameritrade Holding Corporation, TD Ameritrade IP Company, Inc., and TD Ameritrade Services Company, Inc. (together, "TD Ameritrade") responded in opposition at Docket 218. Mr. Matthews replied at Docket 219. Mr. Matthews's late filings include an opposition to a motion to dismiss,[1] filed one day late, and three errata containing changes to declarations filed in support of his Oppositions to Motions to Dismiss,[2] filed three days late.

Mr. Matthews characterizes his motion as a request to accept the filings *nunc pro tunc*. Because he concedes that the errata contain "significant changes" and were filed after the deadline for his responses, his motion is better construed

---

[1] Docket 211.

[2] Dockets 213, 214, and 215.

as a Rule 6(b) motion.³  Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect, courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."⁴  "Rule 6(b)(1)(B), 'like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"⁵

First, the Court finds that TD Ameritrade will not be prejudiced by acceptance of the late filed errata.  TD Ameritrade cites *Ortega v. Spearmint Rhino Cos. Worldwide, Inc.*⁶  But in that case, the defendants' errata contained documents supporting an argument it had raised only in its reply brief.⁷  In contrast,

---

³ *Warkentin v. Federated Life Ins. Co.*, 594 Fed. Appx. 900, 901 (9th Cir. 2014) (construing motion for continuance filed after a briefing deadline as Rule 6(b) motion); Docket 219 at 2 (requesting the "Court to grant the effective three (3) day extension of time for Mr. Matthews to perfect his responses").

⁴ *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261–62 (9th Cir. 2010)).

⁵ *Id.* at 1258–59)).

⁶ Docket 218 at 2; 2019 WL 2871156, at *3 n.2.

⁷ *Id*. ("Defendants characterize the Notice of Errata as correcting the inadvertent omission of documents filed in support of their Motion to Compel Arbitration.  However, the Motion to Compel itself only discusses Ortega's arbitration agreement and did not merely omit documents in support of compelling the arbitration of Opt-in Plaintiffs' claims, it also omitted any mention of the opt-in Plaintiffs.  In fact, Defendants present no argument as to why the claims of the Opt-in Plaintiffs

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Accept Late Filings
Page 2 of 5
Case 3:16-cv-00136-SLG   Document 220   Filed 03/18/21   Page 2 of 5

here, TD Ameritrade will have a full opportunity to respond to each of the errata; Mr. Matthews acknowledges that the late filed errata "had significant changes," and already communicated to TD Ameritrade that he would agree to a reasonable extension of time for TD Ameritrade to file replies affected by the errata.[8]

Second, the delay caused by the late filing was minor and will not have any significant impact on the motions for summary judgment currently before the Court.[9] The three-day delay that occurred here does not alone warrant denying a Rule 6(b) motion.[10]

Third, the reason for delay does not preclude a finding of reasonable neglect. The errata contain changes that were "made at the request of Mr. Matthews."[11] The delay may well be due to the sheer volume of filings by TD Ameritrade to which Mr. Matthews's counsel, a sole practitioner, was responding ; there is no indication that it was a conscious choice to ignore the Court's deadlines.[12]

---

should be forced to arbitration until their reply brief.").

[8] Docket 219-2 at 4 (Ex. A) ("However, Mr. D'Elia would be agreeable to allowing a reasonable additional time for you to file your replies affected by the errata filings. Since the errata were filed on Thursday, the 18th, that would suggest three (3) additional days, which he is willing to afford.").

[9] Docket 193; Docket 197.

[10] *See Wolf*, 2021 WL 66272, at *4 (collecting cases granting rule 6(b) motions despite delays of over 20 days).

[11] Docket 219 at 4.

[12] The Court previously granted extensions for Mr. Matthews's responses at Docket 201 and Docket 205 based on the "health and staffing issues of the undersigned attorney, a sole practitioner . . . ." *See* Docket 200. *See also Wolf*, 2021 WL 66272, at *4 ("Even an attorney's

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Accept Late Filings
Page 3 of 5
Case 3:16-cv-00136-SLG   Document 220   Filed 03/18/21   Page 3 of 5

Fourth, the Court finds that neither Mr. Matthews nor his counsel have acted in bad faith. To the contrary, the attached declaration and the e-mail exchange between Mr. Matthews's counsel, Mr. D'Elia, and TD Ameritrade indicate that Mr. D'Elia worked diligently to file the errata quickly upon Mr. Matthews's request and offered to extend TD Ameritrade's reply deadline to avoid prejudice.[13] TD Ameritrade has not produced any evidence that Mr. D'Elia filed late in order to gain a tactical advantage.[14]

After weighing these factors, the Court finds that these circumstances satisfy the non-rigorous "good cause" standard and that Mr. Matthews's delay was due to excusable neglect.[15] As such, the Court will accept the late filed errata at Dockets 213, 214, and 215. The Court also accepts the late filed opposition at Docket 211, which TD Ameritrade has not opposed.[16]

---

near-month-long delay in filing a response to summary judgment "based on his recovery from jet lag and the time it took to sort through the mail that had accumulated while he was away" has been excused." (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223, 1225 (9th Cir. 2000)).

[13] Docket 219-1 (D'Elia Decl.); Docket 219-2 (Ex. A).

[14] *See Goens v. Adams & Associates, Inc.*, 2018 WL 263896, at *4 (E.D. Cal. 2018) ("The test for good faith under Rule 6(b) is whether the failure to file in a timely fashion was 'in bad faith or [in an attempt] to obtain any advantage.'" (alteration in original) (quoting *Heath v. Google*, Case No. 15-CV-01824-BLF, 2016 WL 4729300, at *4 (N.D. Cal. Sept. 12, 2016)).

[15] *See Ahanchian*, 624 F.3d at 1259 (describing "good cause" as a "non-rigorous standard that has been construed broadly across procedural and statutory contexts" and reversing district court's denial of Rule 6(b) motion where attorney "faced an exceptionally constrained deadline" that "followed immediately upon Labor Day weekend," for which attorney was out of town); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administrated, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

[16] *See* Docket 218 at 3 (""TD Ameritrade does not object to Matthews' request regarding his response filed at Docket No. 211.").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Accept Late Filings
Page 4 of 5

Case 3:16-cv-00136-SLG   Document 220   Filed 03/18/21   Page 4 of 5

In light of the foregoing, Defendant-Counterclaimant's Motion to Accept Late Filings at Docket 216 is GRANTED. Plaintiffs-Counter-Defendants' replies to the oppositions to the two summary judgment motions at Dockets 193 and 197 are due 14 days from the filing of the errata. Plaintiffs-Counter-Defendants' replies to the opposition to the summary judgment motion at Docket 196 is due 14 days from the filing of the opposition at Docket 211.

DATED this 18th day of March, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion to Accept Late Filings
Page 5 of 5
Case 3:16-cv-00136-SLG   Document 220   Filed 03/18/21   Page 5 of 5