# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TD AMERITRADE, INC., *et al.*,

    Plaintiffs,

v.

JAMES RICHARD MATTHEWS,

    Defendant.

Case No. 3:16-cv-00136-SLG

## ORDER RE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court at Docket 195 is Plaintiffs TD Ameritrade, Inc., TD Ameritrade Holding Corporation, TD Ameritrade IP Company, Inc., and TD Ameritrade Services Company, Inc.'s (collectively, "TD Ameritrade") *Rule 12(c) Motion for Judgment on the Pleadings to Dismiss Matthews' Counterclaim Under the DMCA as Time-Barred*. Defendant James Matthews responded at Docket 208, to which TD Ameritrade replied at Docket 221. Mr. Matthews filed a request to file a sur-reply at Docket 227. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

The underlying facts of this case are set forth in the Court's orders on TD Ameritrade's first, second, and third motions to dismiss; the Court assumes the

parties' familiarity with them and they are not repeated here.[1]

On June 27, 2016, TD Ameritrade filed its Complaint, alleging causes of action for declaratory judgment, cancellation and release of claimed nonconsensual common law lien, and injunctive relief.[2] On September 9, 2016, TD Ameritrade filed a First Amended Complaint, alleging the same causes of action as the original complaint.[3]

On July 30, 2018, after two motions to dismiss, Mr. Matthews filed his Third Amended Answer and Counterclaims ("TAAC").[4] In his Second and Third Counterclaims, Mr. Matthews alleges violations of 17 U.S.C. §§ 1201 and 1202, and requests damages as well as injunctive relief.[5] On August 13, 2018, TD Ameritrade moved to dismiss Mr. Matthews's counterclaims a third time.[6] On December 20, 2018, this Court denied TD Ameritrade's motion to dismiss.[7] On February 1, 2021, at the close of discovery and following several stays,[8] TD Ameritrade moved for judgment on the pleadings, asserting that Mr. Matthews's

---

[1] *See* Docket 62 (Order re Motion to Dismiss); Docket 97 (Order re Pending Motions); Docket 108 (Order re Motion to Dismiss).

[2] Docket 1 (Compl.) at 11–13, ¶¶ 34–46.

[3] Docket 4 (Am. Compl.).

[4] Docket 98 at 24–26, ¶ 133 (TAAC).

[5] Docket 98 at 21–26, ¶¶ 125–36 (Second Counterclaim); 26–27, ¶¶ 137–42 (Third Counterclaim).

[6] Docket 100 (Mot. to Dismiss).

[7] Docket 108 (Order re Mot. to Dismiss).

[8] *See* Docket 192 (Order re Mot. to Stay All Proceedings) (recounting timeline of litigation).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order
Page 2 of 7
Case 3:16-cv-00136-SLG   Document 234   Filed 07/21/21   Page 2 of 7

claim for violation of 17 U.S.C. § 1201 is time-barred.[9]

## LEGAL STANDARD

### A. Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."[10] And "[w]hile Rule 12(c) . . . does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action."[11] "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"[12]

### B. 17 U.S.C. §§ 1201, 1202

17 U.S.C. § 1201(a) provides that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected" by copyright. 17 U.S.C. § 1202(b) provides that "[n]o person shall, without the

---

[9] Docket 195 (Mot.).

[10] *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).

[11] *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

[12] *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, Case No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order
Page 3 of 7
Case 3:16-cv-00136-SLG   Document 234   Filed 07/21/21   Page 3 of 7

authority of the copyright owner or the law . . . intentionally remove or alter any copyright management information."  Claims under both provisions are governed by 17 U.S.C. § 507(b), which provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."[13]  "Under the 'discovery rule,' a copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement."[14]

## DISCUSSION

TD Ameritrade asserts that "Matthews' DMCA counterclaim is time-barred under the applicable statute of limitations" because it is based on an allegation of a cyber attack that occurred on May 27, 2012.[15]  TD Ameritrade contends that Mr. Matthews "was aware of the alleged 'cyber attack' at least as of May 29, 2012, when he emailed TD Ameritrade regarding an alleged 'theft.'"[16]  Because Mr. Mathews "did not assert his DMCA counterclaim until March 2017 in his First Amended Answer and Counterclaims" and "has not alleged any other 'circumvention' by TD Ameritrade of a device that controls access to a copyrighted

---

[13] *See also Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1025 (9th Cir. 2019) ("[The plaintiff's] DMCA claim arises under Title 17 of the United States Code and therefore is subject to the same statute of limitations as MRT's copyright infringement claims.  *See* 17 U.S.C. §§ 507(b), 1201(a)(1)(A).").

[14] *Media Rights Techs., Inc.*, 922 F.3d at 1022 (citing *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004), *as amended on denial of reh'g en banc* (Oct. 25, 2004).

[15] Docket 195 at 2 (Mot.).

[16] Docket 195 at 3 (Mot.) (citing Docket 4-1 at 4).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order
Page 4 of 7
Case 3:16-cv-00136-SLG   Document 234   Filed 07/21/21   Page 4 of 7

work," TD Ameritrade maintains that DMCA claim is "time-barred and should be dismissed."[17]

Mr. Matthews concedes that he "will not contest TD Ameritrade's motion insofar as they allege a failure by Mr. Matthews to bring his claim based upon the computer attack, on or about May 27, 2012."[18] However, Mr. Mathews maintains that TD Ameritrade "overlooks . . . that Mr. Matthews also alleged that TD Ameritrade removed or replaced Mr. Matthews' copyright notices, which is also a violation of the DMCA, 17 U.S.C.A. § 1202."[19] It is unclear from the TAAC when Mr. Matthews alleges the § 1202 violation occurred.

TD Ameritrade replies that Mr. Matthews "does not dispute that his § 1201 DMCA counterclaim is time-barred under the applicable statute of limitations" and "requests that the Court dismiss that counterclaim with prejudice."[20]

Mr. Matthews's 17 U.S.C. § 1201 claim stems from an alleged May 27, 2012 "cyber attack" of which Mr. Matthews became aware at least by May 29, 2012, when he e-mailed TD Ameritrade regarding "blatant account manipulation and

---

[17] Docket 195 at 3 (Mot.).

[18] Docket 208 at 3 (Opp.).

[19] Docket 208 at 2 (Opp.).

[20] Docket 221 at 2 (Reply). Mr. Matthews "requests that the Court accept [his] Sur-Reply to TD Ameritrade's Reply." Docket 226 at 1. While Mr. Matthews identifies the standard for how a court should exercise its discretion in accepting a Sur-Reply, he does not articulate why the Court should do so in this instance. *See generally* Docket 226. The request to file a Sur-Reply at Docket 226 is denied.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order
Page 5 of 7
Case 3:16-cv-00136-SLG   Document 234   Filed 07/21/21   Page 5 of 7

theft."[21] However, Mr. Matthews did not bring this claim until March 20, 2017, well outside the three-year statute of limitations provided by 17 U.S.C. § 507(b). Indeed, Mr. Matthews does not contest TD Ameritrade's motion as to this alleged violation. Accordingly, the motion will be granted as to the 17 U.S.C. § 1201 claim.[22] Moreover, because the Court finds that further amendment would be futile, the dismissal of this claim will be with prejudice. However, TD Ameritrade has not moved for judgment on the pleadings as to Mr. Matthews's allegation regarding violations of 17 U.S.C § 1202. As such, Mr. Matthews's counterclaim will not be dismissed as to that allegation.[23]

## CONCLUSION

Based on the foregoing, IT IS ORDERED that TD Ameritrade's Rule 12(c)

---

[21] Docket 4-1 at 4 (E-mail from Mr. Matthews to TD Ameritrade); Docket 98 at 15, ¶ 88 (TAAC) (stating that "Matthews commenced communications with Plaintiffs" and citing to the portion of TD Ameritrade's First Amended Complaint that references the e-mail exhibit).

[22] While the Ninth Circuit has upheld grants of partial judgments on the pleadings, *see, e.g.*, *Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008), the majority view appears to be that Rule 12(c) does not permit judgment on the pleadings as to less than an entire claim or cause of action, *see, e.g.*, *Hartstein v. Hyatt Corp.*, 2021 WL 249796, at *2 & n.1 (C.D. Cal. Mar. 19, 2021) (citing *Living on the Edge, LLC v. Lee*, Case No. CV-14-5982-MFW (JEMx), 2015 WL 12661917, at *4 (C.D. Cal. Aug. 25, 2015). However, although Mr. Matthews pleads his §§ 1201 and 1202 claims together, the Court finds that these constitute separate causes of action because they are based on distinct operative facts. *Cf. CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961) (holding in the context of a Rule 54(b) certification that "a claim . . . refers to a set of facts giving rise to legal rights in the claimant, not in legal theories of recovery based upon those facts.").

[23] The Court will not enter a final judgment on Mr. Matthews's 17 U.S.C. § 1201 claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because it has not determined that there is "no just reason for delay." *See Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019) ("Courts have the discretion in appropriate cases to . . . grant dismissal of [an individual cause of] action [pursuant to Rule 12(c)] instead of entry of judgment." (quoting *Franklin v. Adams & Assocs., Inc.*, Case No. 2:16—cv-00303-TLN-KJN, 2017 WL 5177691, at *2 (E.D. Cal. Nov. 7, 2017)).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order
Page 6 of 7
Case 3:16-cv-00136-SLG   Document 234   Filed 07/21/21   Page 6 of 7

Motion for Judgment on the Pleadings is GRANTED.  Defendant's Second and Third Counter Claims at Docket 98 are DISMISSED WITH PREJUDICE **only as to the alleged violation of 17 U.S.C. § 1201**.  IT IS FURTHER ORDERED that Mr. Matthews's Request to File Sur-Reply at Docket 226 with respect to this motion is DENIED.

DATED this 21st day of July, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order
Page 7 of 7
Case 3:16-cv-00136-SLG   Document 234   Filed 07/21/21   Page 7 of 7