# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TD AMERITRADE, INC., *et al.*,

    Plaintiffs,

v.

JAMES RICHARD MATTHEWS,

    Defendant.

Case No. 3:16-cv-00136-SLG

## ORDER RE MOTION FOR CANCELLATION AND DECLARATORY JUDGMENT

Before the Court at Docket 198 is Plaintiffs TD Ameritrade, Inc., TD Ameritrade Holding Corporation, TD Ameritrade IP Company, Inc., and TD Ameritrade Services Company, Inc.'s (collectively, "TD Ameritrade") Motion for Cancellation and Declaratory Judgment. Defendant James Matthews responded at Docket 210, to which TD Ameritrade replied at Docket 217. Mr. Matthews filed a request to file a surreply at Docket 225. The parties filed proposed orders on the motion at Docket 235 and 236. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

The following facts are not disputed. Between July and December of 2015, Mr. Matthews sent numerous documents to TD Ameritrade. Those documents alleged claims against TD Ameritrade for violations of copyrights owned by Mr. Matthews, demanded payment of $116,251,800,000 for copyright violations, and

asserted a purported security interest in all of TD Ameritrade's property.[1]  On August 13, 2015, TD Ameritrade sent Mr. Matthews a letter objecting to the legitimacy of his documents and informing him that TD Ameritrade did not authorize Mr. Matthews to file "any purported lien document with office, recorder or registrar of any federal, state, county, local, or foreign government or agency."[2]  On September 10, 2015, TD Ameritrade sent Mr. Matthews a second letter reiterating its position.[3]

On September 15, 2015, Mr. Matthews recorded the following documents in the Anchorage Recording District: "Commercial Affidavit," "Certificate of Non-Response," "Notice of Default," "Affidavit of Notice," and two "Notice[s] by Written Communication/Security Agreement[s]" (collectively, "Recorded Documents").[4]  The "Notice[s] by Written Communication/Security Agreement[s]" indicated that they had been signed by Fredric Tomczyk, C.E.O. of TD Ameritrade, as "authorized representative for TD Ameritrade, Inc."; however, Mr. Tomczyk did not sign the documents.[5]  On December 31, 2015, TD Ameritrade sent a third letter to

---

[1] Docket 4-3 (Ex. C); Docket 98 at 6, ¶ 19 (Third Am. Ans.).

[2] Docket 4-4 (August 13, 2015 Letter); Docket 98 at 5, ¶ 17 (Third Am. Ans.).

[3] Docket 4-5 (September 10, 2015 Letter); Docket 98 at 6, ¶ 20 (Third Am. Ans.).

[4] Docket 4-6 and Docket 4-7 (Ex. F); Docket 98 at 6, ¶ 21 (Third Am. Ans.).

[5] Docket 4-7 at 35 (Ex. F); Docket 198-4 at 11 (Matthews' Responses to Requests for Admissions); Docket 198-1 at 7 (Dep. of James Matthews).  In his response to TD Ameritrade's request for admissions, Mr. Matthews explained that "I believed at the time, based upon the advice I had received, that the failure of TD Ameritrade to respond to the papers presented constituted its and his acceptance as though personally signed on behalf of TD Ameritrade[.]"

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Cancellation and Declaratory Judgment
Page 2 of 8
Case 3:16-cv-00136-SLG   Document 237   Filed 08/05/21   Page 2 of 8

Mr. Matthews repeating its position that the documents were illegitimate and that Mr. Matthews was not authorized to record a lien against TD Ameritrade.[6] Mr. Matthews has subsequently stated that the Recorded Documents "are of no legal effect," that he has no enforceable lien, and that he recorded the documents to get TD Ameritrade's attention.[7] Mr. Matthews also sent additional documents to TD Ameritrade that purported to claim security interests in TD Ameritrade's property, including a "Demand Letter and Final Explanation" dated December 17, 2015; a "Notice of Right to Lien"; and a "Final Notice of Commercial Obligation: Express Notice of Claim, DMCA Notification, Copyright Infringement Report, Intent to Lien" dated June 16, 2016.[8]

On June 27, 2016, TD Ameritrade initiated this action, seeking cancellation of the purported lien pursuant to AS 09.45.164 and 09.45.167 and a declaration that the Recorded Documents are "null, void, and of no legal effect."[9]

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

---

Docket 198-4 at 11. However, in his deposition, Mr. Matthews stated that someone else had affixed the signature. Docket 198-1 at 7.

[6] Docket 4-8 (December 31, 2015 Letter); Docket 98 at 7, ¶ 27 (Third Am. Ans.).

[7] Docket 198-1 at 5–6, 12–13 (Dep. of James Matthews).

[8] Docket 4-3 at 98–99 (Demand Letter and Final Explanation); Docket 4-3 at 104 (Notice of Right to Lien); Docket 4-9 (Final Notice of Commercial Obligation).

[9] Docket 1; Docket 4 at 16–17 (Am. Compl.).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Cancellation and Declaratory Judgment
Page 3 of 8
Case 3:16-cv-00136-SLG   Document 237   Filed 08/05/21   Page 3 of 8

The Court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, TD Ameritrade's motion for cancellation and declaratory judgment would be dispositive of TD Ameritrade's claims, and thus the summary judgment standard applies.

## DISCUSSION

Under diversity jurisdiction, the Court applies federal procedural law and Alaska substantive law.[10] A nonconsensual common law lien ("NCCL") under Alaska law is statutorily defined as a lien that: "(A) is not provided for by a specific state or federal statute; (B) does not depend on the consent of the owner of the property affected for its existence; and (C) is not an equitable, constructive, or other lien imposed by a court recognized under state or federal law[.]"[11] "A person who wrongfully records an NCCL lien is liable to the property owner for actual and punitive damages, as well as costs and reasonable attorney fees."[12] In addition, if a court determines that a claim of NCCL is invalid, "the court shall issue an order

---

[10] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[11] AS 09.45.169(2).

[12] *Cutler v. Kodiak Island Borough*, 290 P.3d 415, 418 (Alaska 2012) (citing AS 09.45.167(a)).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Cancellation and Declaratory Judgment
Page 4 of 8
Case 3:16-cv-00136-SLG   Document 237   Filed 08/05/21   Page 4 of 8

releasing the claim of lien."[13]

TD Ameritrade's motion thoroughly explains why "[t]ogether, the Recorded Documents constitute an invalid NCCL," and the Court adopts that reasoning.[14] Mr. Matthews does not dispute TD Ameritrade's assertion that the Recorded Documents constitute an invalid NCCL. Rather, in his opposition, Mr. Matthews asserts that the "records to which TD Ameritrade objects were deleted from the Anchorage Recording District records" on October 20, 2016.[15] But after TD Ameritrade pointed out in its reply that the "Recorded Documents remain on the Alaska Recorder's Office website,"[16] Mr. Matthews submitted a surreply acknowledging his "mistake" and "withdrawing [his] previous objections."[17] The surreply asks that relief be limited to "declaring that Mr. Matthews' filing in the Anchorage Recording District . . . does not constitute a lien or other security interest in or upon any property in which TD Ameritrade has an interest"; clarifying that "while the records are to be stricken, . . . the Order does not have any effect on Mr. Matthews' DMCA Take Down Notice contained therein, or on Mr. Matthews' rights under his Copyright Registration"; and "specifying that no court motion costs or other court costs are to be awarded to TD Ameritrade, because of their failure

---

[13] AS 09.45.164(c).

[14] Docket 198 at 7.

[15] Docket 210 at 1 (Opp.).

[16] Docket 217 at 2 (Reply).

[17] Docket 225 at 3 (Surreply).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Cancellation and Declaratory Judgment
Page 5 of 8
Case 3:16-cv-00136-SLG   Document 237   Filed 08/05/21   Page 5 of 8

to seek to resolve the matter without the Court's intervention."[18]

However, the Court is not inclined to consider the requests that were first raised in Mr. Matthews' surreply, because Mr. Mathews has not attempted to explain why the Court should accept his surreply. Instead, as he does in numerous other motions for surreplies he has filed,[19] he merely recites the standard for when a court may accept a surreply and proceeds directly to his requests.[20] Moreover, even if the Court did consider the requests in the surreply, Mr. Matthews does not identify any authority for the proposition that costs and fees under AS 09.45.167(a) should be limited when the party challenging an NCCL did not attempt to first resolve the matter out of court. To the contrary, the statute provides that "[i]f the court determines that the claim of nonconsensual common law lien is invalid, the court *shall* issue an order releasing the claim of lien and awarding costs and actual reasonable attorney fees to the party making the request."[21] Assuming even further that such an exception did exist, it would not apply here because TD Ameritrade informed Mr. Mathews several times prior to litigation that it did not authorize Mr. Mathews to file "any purported lien document with office, recorder or

---

[18] Docket 225 at 3–4 (Surreply).

[19] *See* Docket 226; Docket 227; Docket 228; Docket 229.

[20] *See* Docket 225 at 3–4 (Surreply).

[21] AS 09.45.164(c) (emphasis added); *see also* AS 09.45.0167(a) ("A person who offers a claim of nonconsensual common law lien for recording or filing that is not accompanied by a specific order from a court of competent jurisdiction recognized under state or federal law authorizing the recording or filing of the lien is liable to the owner of the property affected by the lien for actual and punitive damages, as well as costs and actual reasonable attorney fees.").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Cancellation and Declaratory Judgment
Page 6 of 8
Case 3:16-cv-00136-SLG   Document 237   Filed 08/05/21   Page 6 of 8

registrar of any federal, state, county, local, or foreign government or agency."[22] As for Mr. Matthews' request that the order contain disclaimers regarding his DMCA takedown notice and his rights under copyright registration, even if the Court were to consider this request, all of these documents should also be cancelled and declared void as they each represent the intent to assert an invalid claim of an NCCL against TD Ameritrade.

For the foregoing reasons, the Court will award declaratory relief to TD Ameritrade declaring the Recorded Documents and other purported security interests to be void and of no legal effect.

## CONCLUSION

The motion at Docket 198 is GRANTED, and IT IS HEREBY ORDERED, ADJUDGED, AND DECLARED that the following documents, recorded with the Anchorage Recording District and identified as instrument no. 2015-041938-0 (Docket 4-8, Ex. F) purporting to reflect liens and/or security interests, are VOID and of no legal effect, and are hereby cancelled, released, and expunged from the public record:

- Commercial Affidavit
- Certificate of Non-Response
- Notice of Default/Affidavit of Notice
- Two Notices by Written Communication/Security Agreement[s]

---

[22] Docket 4-4 (TD Ameritrade Letter to Mr. Matthews); Docket 98 at 5, ¶ 17 (Third Am. Ans.).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Cancellation and Declaratory Judgment
Page 7 of 8
Case 3:16-cv-00136-SLG   Document 237   Filed 08/05/21   Page 7 of 8

IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED that the following additional documents purporting to reflect liens and/or security interests against TD Ameritrade's property are VOID and of no legal effect:

- Demand Letter and Final Explanation (Docket 4, Ex. C at 98–100);
- Notice of Right to Lien (Docket 4-3, Ex. C at 104–105); and
- Final Notice of Commercial Obligation: Express Notice of Claim, DMCA Notification, Copyright Infringement Report, Intent to Lien (Docket 4-9 and Docket 4-10, Ex. H).

It is further ordered that the request to file a surrreply at Docket 225 is DENIED.

DATED this 5th day of August, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Cancellation and Declaratory Judgment
Page 8 of 8

Case 3:16-cv-00136-SLG   Document 237   Filed 08/05/21   Page 8 of 8