VINCENT J. D'ELIA
*Pro Hac Vice*, NJ Attorney I.D. #284851972
574 Newark Avenue
Jersey City, New Jersey 07306
Telephone: (201) 656-6503
Facsimile: (201) 656-3276
Email: vjd@deliamccarthy.com
*Attorney for Defendant and Counterclaimant*
*James Richard Matthews*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

TD AMERITRADE, INC., TD AMERITRADE HOLDING CORPORATION, TD AMERITRADE IP COMPANY, INC. and TD AMERITRADE SERVICES COMPANY, INC.,

Plaintiffs-Counter-Defendants,

vs.

JAMES RICHARD MATTHEWS,

Defendant-Counter-Claimant

CASE NO. 3:16-cv-00136 SLG
Dated: August 24, 2022

**MR. MATTHEWS' OPPOSITION TO TD AMERITRADE'S MOTION FOR ATTORNEYS' FEES FILED AS ECF DOC NO. 249**

**Introduction.**

TD Ameritrade states that they seek attorney's fees "pursuant to LR 54.2, Fed. R. Civ. P. 54(d)(2), AS 09.45.164(c), and AS 09.45.167(a).

However, TD Ameritrade fails to address the controlling law with respect to attorneys' fees concerning the state law claims involved — Alaska Civil Rule 82.

For the reasons herein stated, TD Ameritrade's fee award should not only be reduced to the 20% limitation clearly imposed by Rule 82, herein sought by TD Ameritrade, but the award should be further drastically adjusted downward pursuant to the discretionary provisions of Rule 82. For that reason, and the additional reasons set forth herein, TD Ameritrade's motion should be denied with prejudice.

**Argument.**

Alaska Rule of Civil Procedure 82(a) provides that, with some limited exceptions not present here, "the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule [Rule 82(a)]." *Blair v. Fed. Ins. Co.*, 433 P.3d 1048, 1050 (Alaska 2018); Rule 82(a) "Allowance to Prevailing Party: [e]xcept as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."

There is no other controlling provision of law; and there is no agreement between the parties as to a determination of fees other than by Rule 82(a).

Rule 82(b), "Amount of Award", provides as follows:

> (1) The court shall adhere to the following schedule in fixing the award of attorney's fees to a party recovering a money judgment in a case:
>
> * * *
>
> (2) In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial <u>20 percent of its actual attorney's fees</u> which were necessarily incurred. The actual fees shall include fees for legal work customarily performed by an

> attorney but which was delegated to and performed by an investigator, paralegal or law clerk.

Rule 82(b).

TD Ameritrade cites no exception or reason why this Court should not apply this Alaska law in this case; and accordingly, this Court should apply the law in the determination of TD Ameritrade's claim for attorneys' fees.

Prior to moving to the next step in Rule 82(b), TD Ameritrade's motion should be denied in its entirety, by reason of the failure to document that the fees claimed to be a have been earned by TD Ameritrade's attorneys were actually paid by TD Ameritrade ("necessarily incurred").

Even if TD Ameritrade should survive the foregoing deficiency, subsection (b)(2) of Rule 82 provides that in a case such as here, that resolves short of trial and the prevailing party recovers no money judgment, the prevailing party shall recover only 20 percent of attorney fees <u>necessarily</u> incurred. [Emphasis Added.]

Accordingly, assuming that that first issue above is rectified, the first adjustment to be made by this Court to TD Ameritrade's motion is to reduce any award to 20% of the fees requested by TD Ameritrade as expressly provided in Rule 82(b), as aforesaid.

Clearly there was no trial here; and no money judgment was entered against Mr. Matthews. Accordingly, any award must first be limited to 20 percent of the otherwise allowable fees.

Next, the fee award thus derived should also be altered giving consideration to the following factors stated in Alaska Rule 82(b)(3), which reads, "(3) The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:

> (A) the complexity of the litigation;
>
> (B) the length of trial;
>
> (C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
>
> (D) the reasonableness of the number of attorneys used;
>
> (E) the attorneys' efforts to minimize fees;
>
> (F) the reasonableness of the claims and defenses pursued by each side;
>
> (G) vexatious or bad faith conduct;
>
> (H) the relationship between the amount of work performed and the significance of the matters at stake;
>
> (I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
>
> (J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and
>
> (K) other equitable factors deemed relevant."
>
> If the court varies an award, the court shall explain the reasons for the variation.

**(C) the reasonableness of the attorneys' hourly rates and the number of hours expended; (D) the reasonableness of the number of attorneys used; (E) the attorneys' efforts to minimize fees**

In *Nautilus Marine Enterprises, Inc. v. Exxon Mobil Corp.*, 332 P.3d 554, 560 (Alaska 2014), this Court held that absent extraordinary circumstances —such as the unavailability of competent and willing local counsel— attorneys' fees should be

determined in accordance with the "the fee customarily charged in the locality for similar legal services."[1]

*Nautilus Marine* is in accord with the decisions in the Supreme Court, and the Ninth Circuit, holding that the relevant "community" for the purpose of determining the "Lodestar" for fee awards should be where the forum court resides. See *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *Roberts v. City and County of Honolulu*, 2019 DJDAR 8807–08 (9th Cir. 2019), discussed in *Burnell v. Swift Transportation Co. of Arizona, LLC*, No. EDCV1000809VAPOPX, 2022 WL 1479506, at *11 (C.D. Cal. Apr. 28, 2022). "The "relevant community" for purposes of the "prevailing market rate" is the "forum in which the district court rests."

Based upon the undersigned's research, such "prevailing rate" at the time of the events in question should be no more than $300 per hour. See *e.g.* https://www.contractscounsel.com/b/how-much-do-lawyers-cost [last visited 08/23/2022.].

Note also that Courtney Collins (33.5 hours) and of Zachary Berne (1.10 hours) were each at $284.75 per hour — which would appear to be an acknowledgement of that worth for work done six years ago, by an associate — clearly all that should have been required given the low level of substance to the issues. Accordingly that rate should be the maximum awarded in any fee award.

[1] "In sum, we conclude that, on the facts as found by the superior court, no extraordinary circumstances—such as the unavailability of competent and willing local counsel—exist to justify a departure from the locality rule. We remand this issue to the superior court for a recalculation of the attorney fees award based on "the fee customarily charged in the locality for similar legal services."

TD Ameritrade has advanced no argument as to why the higher rates of the partners in the law firms should be justified for anything with respect to this motion for attorneys' fees, when the work clearly did not require partner level guidance, which according to TD Ameritrade were:

| | | | | |
|---|---|---|---|---|
| Herbert Ray | 1.20 | 5/2016-9/2016 | $467.50 | $561.00 |
| Melanie Ronen | 29.90 | 8/2019-2/2021 | $548 | $16,385.2 |
| Melanie Ronen | 11.30 | 3/2021-9/2021 | $580 | $6,554.00 |
| Melanie Ronen | 3.00 | 6/2022 | $639 | $1,917.00 |

In accordance with *Nautilus Marine*, *supra*, at a minimum all of the charges by Herbert Ray and Melanie Ronen, should first be reduced to the hourly rate of $300 per hour.

**(C) the reasonableness of the attorneys' hourly rates and the number of hours expended; (D) the reasonableness of the number of attorneys used; (E) the attorneys' efforts to minimize fees**

There was no showing by TD Ameritrade that so much partner input was required (necessarily incurred) on what should have been a simple motion as that needed to obtain a dismissal of Mr. Matthews' lien.

| | | | | |
|---|---|---|---|---|
| Herbert Ray | 1.20 | 5/2016-9/2016 | $467.50 | $561.00 |
| Melanie Ronen | 29.90 | 8/2019-2/2021 | $548 | $16,385.2 |
| Melanie Ronen | 11.30 | 3/2021-9/2021 | $580 | $6,554.00 |
| Melanie Ronen | 3.00 | 6/2022 | $639 | $1,917.00 |

Neither was such partner input was necessary for this motion for attorneys' fees. See Declaration of Melanie Ronen and chart showing her work on this motion:

TD Ameritrade has incurred the following additional fees in July 2022 in connection with TD Ameritrade's concurrently filed Motion for Attorneys' Fees that have not yet been billed by Keesal, Young & Logan:

| Professional | Recap of | Rate | Fees to be |
|---|---|---|---|
| Melanie Ronen | 8.4 | $639 | $5,367.60 |
| Melanie Sharpe | 6.8 | $248 | $1,686.40 |
| **Total Fees Incurred But Not Yet Billed:** | | | **$7,054.00** |

Obviously, much time was required on the voluminous Complaint in this matter, followed by an Amended Complaint of similar volume (see ECF Nos 04-12, the latter containing 355 pages).

However, there was no need for such a voluminous complaint — filed for a lien that was clearly invalid and of no effect outside of Alaska — and considering that TD Ameritrade never claimed to have any real property in Alaska that could be affected by the lien.

Moreover, after the retention of the undersigned attorney, Matthews did not oppose a removal of the lien, which had been filed by him based upon the erroneous advise of a prior attorney — a circumstance that was made known to TD Ameritrade's attorneys from the beginning.[2]

Mr. Matthews was willing to stipulate as to the withdrawal of the lien, and in fact mistakenly believed in good faith that he had succeeded in canceling the lien — only to

[2] TD Ameritrade's unfounded scurrilous references — including by partner and shareholder Melanie Ronen, Esq. — twelve (12) in all — to Mr. Matthews' "bogus" and "fraudulent" claims— are not supported by the record, should be stricken by the Court, if not withdrawn by TD Ameritrade.

find that unbeknownst to him it had not been cancelled by his attempted removal. See Motion at ECF Nos. 210 to 210-2.

There was absolutely no justification for so many hours of attorneys' time — particularly such high rate attorneys, and more particularly considering Mr. Matthews' willingness to cancel the lien (or join in a stipulated court order for that purpose), coupled with TD Ameritrade insistence upon going ahead with a full-fledged motion, on a lien that clearly did not affect TD Ameritrade in Nebraska; and neither did TD Ameritrade claim any property affected in Alaska.

Such insistence strongly suggests that TD Ameritrade's pursuit of their litigation on the issue was solely for the purpose of earning — and hammering Mr. Matthews — with attorneys' fees that he would be unable to pay.

The time records submitted by TD Ameritrade are not contemporaneous, which this Court should also consider, in the interest of justice. *Ackerman v. W. Elec. Co.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986), aff'd, 860 F.2d 1514 (9th Cir. 1988)

(4) Upon entry of judgment by default, the plaintiff may recover an award calculated under subparagraph (b)(1) or its reasonable actual fees which were necessarily incurred, whichever is less. Actual fees include fees for legal work performed by an investigator, paralegal, or law clerk, as provided in subparagraph (b)(2). [Emphasis Added.]

(c) Motions for Attorney's Fees. A motion is required for an award of attorney's fees under this rule or pursuant to contract, statute, regulation, or law. The motion must be filed within 10 days after the date shown in the clerk's certificate of distribution on the judgment as defined by Civil Rule 58.1. Failure to move for attorney's fees within 10 days,

or such additional time as the court may allow, shall be construed as a waiver of the party's right to recover attorney's fees. A motion for attorney's fees in a default case must specify actual fees.

(d) Determination of Award. Attorney's fees upon entry of judgment by default may be determined by the clerk. In all other matters the court shall determine attorney's fees.

(e) Equitable Apportionment Under AS 09.17.080. In a case in which damages are apportioned among the parties under AS 09.17.080, the fees awarded to the plaintiff under (b)(1) of this rule must also be apportioned among the parties according to their respective percentages of fault. If the plaintiff did not assert a direct claim against a third-party defendant brought into the action under Civil Rule 14(c), then

(1) the plaintiff is not entitled to recover the portion of the fee award apportioned to that party; and

(2) the court shall award attorney's fees between the third-party plaintiff and the third-party defendant as follows:

(A) if no fault was apportioned to the third-party defendant, the third-party defendant is entitled to recover attorney's fees calculated under (b)(2) of this rule;

(B) if fault was apportioned to the third-party defendant, the third-party plaintiff is entitled to recover under (b)(2) of this rule 30 or 20 percent of that party's actual attorney's fees incurred in asserting the claim against the third-party defendant.

**TD Ameritrade bases its claim on Attorney Melanie Ronen's purported summary of the legal time spent, not upon contemporaneous time records; after the substantial redaction, the eighty or so pages of time records have insufficient information to establish just what was done by each attorney, and accordingly should be rejected.**

In addition to the foregoing, deficiencies in TD Ameritrade's papers, with the substantial redactions of TD Ameritrade's attorneys' time records, there remains insufficient information to determine what the billings are about, and why they were justified.

TD Ameritrade provides instead the chart summary by Attorney Ronen, also set forth above:

| | | | | |
|---|---|---|---|---|
| Herbert Ray | 1.20 | 5/2016-9/2016 | $467.50 | $561.00 |
| Melanie Ronen | 29.90 | 8/2019-2/2021 | $548 | $16,385.2 |
| Melanie Ronen | 11.30 | 3/2021-9/2021 | $580 | $6,554.00 |
| Melanie Ronen | 3.00 | 6/2022 | $639 | $1,917.00 |

However, this does not enable the Court, or this attorney, to decipher the deficient time records — the only purported contemporaneous record of TD Ameritrade's attorneys time expended.

Accordingly, this summary should be rejected, as it is not sufficient to establish the merits of TD Ameritrade's claim.

**Finally, this Court Should consider the following final factors in accordance with Alaska Rule 82(b)(3):**

> (I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
>
> (J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from

the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and

(K) other equitable factors deemed relevant.

Mr. Matthews is not a person of substantial means. In the recent years he has lived in a small cabin in the Kenai Peninsula. During this litigation he has survived with a meager existence. No doubt TD Ameritrade, through its due diligence, is fully aware of Mr. Matthews' situation. He pursued his claims in this case in good faith, but lost on procedural grounds that were less than fair, in the broader scope of things, this attorney contends. Mr. Matthews was unrefutably an expert in the Basic computer language; and the evidence clearly demonstrated that he created his codes independent of TD Ameritrade's tenuous claims as to ownership of the thinkScript User Manual.

On the other hand, TD Ameritrade, originally a multibillion dollar entity, and now merged with Charles Schwab, is now a 50 multibillion dollar entity according to estimates. If Mr. Matthews claims against in this case were true, then surely the final result is unjust to Mr. Matthews.

Based upon the circumstances, and all of the needless deficiencies in TD Ameritrade's motion, neither this Court, nor Mr. Matthews should be required to go through the laborious task of defending these exorbitant and defective claims by TD Ameritrade for attorneys' fees.

Such a result would surely chill and deter similarly situated litigants from the voluntary use of the courts; and any award of fees to TD Ameritrade, under all of the circumstances, would clearly be inequitable result — requiring Mr. Matthews to correct the deficiencies in TD Ameritrade's motion.

**Conclusion**

Accordingly, this Court should deny TD Ameritrade's claim for attorneys' fees, in its entirety, with prejudice, and enter the order submitted herewith.

Dated: August 24, 2022

Respectfully Submitted,
/s/Vincent J. D'Elia

VINCENT J. D'ELIA
574 Newark Avenue
Jersey City, New Jersey 07306
Telephone: (201) 656-6503
Facsimile: (201) 656-3276
Email: vjd@deliamccarthy.com
*Attorney for Defendant Matthews*

C:\Users\elban\Dropbox\00 D'Elia Matthews v TDA AK\000 Matthews TDA Opposition Motion Atty Fees Cancel Lien\Matthews Opposition Attorneys Fees Cancellation D5.docx



Case 3:16-cv-00136-SLG Document 251 Filed 08/24/22 Page 12 of 12