# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TD AMERITRADE, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES RICHARD MATTHEWS, <br><br> Defendant. | Case No. 3:16-cv-00136-SLG |

## ORDER RE MOTION FOR ATTORNEYS' FEES

Before the Court at Docket 249 is Plaintiffs' TD Ameritrade Inc., TD Ameritrade Holding Corporation, TD Ameritrade IP Company, Inc. and TD Ameritrade Services Company, Inc. (TD Ameritrade) motion for attorneys' fees. Defendant James Richard Mathews responded in opposition at Docket 251 and TD Ameritrade replied at Docket 252.

TD Ameritrade requests that the Court award $42,429.55 in attorneys' fees to TD Ameritrade pursuant to Alaska Statutes §§ 09.45.167(a) and 09.45.164(c). TD Ameritrade is entitled to a reasonable fee award in accordance with these statutory provisions.[1]

Alaska State courts require that in a case such as this one where the party

---

[1] *See e.g.*, *Cutler v. Kodiak Island Borough*, 290 P.3d 415, 418 (Alaska 2012) ("A person who wrongfully records an NCCL lien is liable to the property owner for actual and punitive damages, as well as costs and reasonable attorney fees.") (citing Alaska Stat. § 09.45.167(a)).

requesting fees chose out-of-state representation, courts should award "the fee customarily charged in the locality for similar legal services."[2] In the context of Rule 82, the Supreme Court of Alaska has explained that attorneys' fees must be "reasonable."[3] The Supreme Court relied on the Alaska Rules of Professional Conduct 1.5, which enumerates eight factors "to be considered in determining the reasonableness of a fee," including consideration of "the fee customarily charged in the locality for similar legal services."[4] Similarly, the Ninth Circuit has recognized that attorneys' fees in the context of a "Lodestar" fee award should reflect the prevailing market rate in the forum in which the district court is located.[5]

TD Ameritrade failed to submit evidence showing that the requested hourly rates it submitted are in accordance with those customarily charged in the District of Alaska. The United States Supreme Court has held that "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

---

[2] *Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 332 P.3d 554, 559 (Alaska 2014) (citing Alaska R. Prof'l Conduct 1.5(a)(3)).

[3] *Id*. at 558 (citing Alaska R. Civ. P. 82(b)(2) (providing that a fee award must be based on the "prevailing party's reasonable actual attorneys' fees which were necessarily incurred")).

[4] *Id*. at 558-59.

[5] *See e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Attorneys' fees
Page 2 of 3
Case 3:16-cv-00136-SLG   Document 253   Filed 10/04/22   Page 2 of 3

experience, and reputation."[6]

Therefore, IT IS ORDERED that the motion at Docket 249 is DENIED without prejudice to Plaintiffs filing a renewed motion **within 14 days** of the date of this order that includes the requisite evidence to comply with the locality rule.

DATED this 4th day of October, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order re Motion for Attorneys' fees
Page 3 of 3
    Case 3:16-cv-00136-SLG   Document 253   Filed 10/04/22   Page 3 of 3