# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

TD AMERITRADE, INC., et al.,

                    Plaintiffs,

   v.

JAMES RICHARD MATTHEWS,

                    Defendant.

Case No. 3:16-cv-00136-SLG

## ORDER RE RENEWED MOTION FOR ATTORNEY'S FEES

Before the Court at Docket 254 is a renewed motion for attorney's fees brought by Plaintiffs TD Ameritrade, Inc.; TD Ameritrade Holding Corporation; TD Ameritrade IP Company, Inc.; and TD Ameritrade Services Company, Inc. ("TD Ameritrade"). Defendant James Richard Matthews responded in opposition at Docket 256, and TD Ameritrade replied at Docket 258. Mr. Matthews filed a surreply at Docket 259, which the Court will accept, although in large part it simply restates the arguments set forth in the opposition. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

The underlying facts and procedural history of this case are set forth in detail in the Court's orders regarding TD Ameritrade's first, second, and third motions to dismiss and the Court's Order Re Motion for Cancellation and Declaratory

Judgment.[1]  The Court assumes familiarity with them.  As relevant here, the Court issued an order on October 4, 2022 denying TD Ameritrade's motion for attorney's fees incurred in connection with its efforts to cancel documents related to an invalid nonconsensual common law lien that Mr. Matthews recorded in 2015.[2]  In its order, the Court noted that TD Ameritrade is entitled to a reasonable fee award pursuant to Alaska Statutes ("AS") §§ 09.45.164(c) and 09.45.167(a) but failed to submit evidence showing that the hourly rates it charged are in accordance with those customarily charged in the District of Alaska.[3]  The Court allowed TD Ameritrade to file a renewed motion that includes the requisite evidence to comply with the locality rule.[4]

On October 18, 2022, TD Ameritrade filed a renewed motion for attorney's fees.[5]  In this motion, TD Ameritrade provides, among other things, a declaration from its out-of-state counsel, Melanie L. Ronen; a description of the hourly rates charged in connection with this matter by all of TD Ameritrade's counsel, which

---

[1] *See* Docket 62 (Order Re Motion to Dismiss); Docket 97 (Order Re Pending Motions); Docket 108 (Order Re Motion to Dismiss); Docket 237 (Order Re Motion for Cancellation and Declaratory Judgment).

[2] *See* Docket 249 (Motion for Attorneys' Fees); Docket 253 (Order Re Motion for Attorneys' Fees).

[3] Docket 253 at 2-3 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

[4] Docket 253 at 3.

[5] Docket 254.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 2 of 22

included Alaska counsel; redacted invoices for legal services; and citations to the 2017-2018 U.S. Consumer Law Attorney Fee Survey Report.[6]  TD Ameritrade's law firm billed at various hourly rates throughout the litigation, including rates of $212 and $248 per hour for paralegals, $284.75 per hour for associates, and $467.50 to $639 per hour for partners (with an Alaska partner billing at the former rate and Ms. Ronen billing at the latter rate).[7]  TD Ameritrade states that one of its other Alaska attorneys, who represented TD Ameritrade in this litigation but did not bill time in connection with the lien matter, billed at the same rate as Ms. Ronen did in 2019 ($548 per hour).[8]  According to the 2017-2018 U.S. Consumer Law Attorney Fee Survey Report cited by TD Ameritrade, the average and median hourly rates for all attorneys practicing "consumer law" in Alaska in 2017-2018 were $325 per hour.[9]  The applicable median metropolitan attorney rate identified in the survey was $400 per hour, and the 95% median attorney rate was $500 per hour.[10]  According to TD Ameritrade, the $548 to $639 hourly rates charged by Ms.

---

[6] Docket 254 (Renewed Motion for Attorneys' Fees); Docket 254-1 (declaration, invoices, and survey report).

[7] Docket 254-1 at 2-3, ¶¶ 2, 3.  Ms. Ronen also billed at rates of $548 and $580 per hour from August 2019 through September 2021.  Docket 254-1 at 2, ¶ 2.

[8] Docket 254 at 6; Docket 254-1 at 4, ¶ 11.

[9] Docket 254-1 at 104.

[10] Docket 254-1 at 104.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 3 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 3 of 22

Ronen are "in-line with these statistics, taking into account her experience and reasonable increases since 2018."[11]

In his opposition, Mr. Matthews asserts that Alaska Rule of Civil Procedure 82 ("Rule 82") governs TD Ameritrade's request and, as such, TD Ameritrade is entitled only to a maximum of 20% of its allowable fees, subject to additional discretionary downward adjustments.[12] In asserting that a downward adjustment is warranted, Mr. Matthews claims that most of TD Ameritrade's fees were not "necessarily incurred" because:

> (a) Mr. Matthews did not contest that he had mistake [sic] in filing the liens, and was always willing to stipulate as to an order for the removal of the liens; and (b) TD Ameritrade never asserted that it had any real or personal property located in, or affected by, the liens filed by Mr. Matthews.[13]

Accordingly, Mr. Matthews requests that the Court deny TD Ameritrade's motion in its entirety or, in the alternative, apply an hourly rate of $300 to TD Ameritrade's partners' time based on his reading of the 2017-2018 U.S. Consumer Law Attorney Fee Survey Report's figures.[14]

In response, TD Ameritrade cites caselaw supporting its contention that AS §§ 09.45.164(c) and 09.45.167(a) apply instead of Rule 82 and permit an award

---

[11] Docket 254 at 6 (footnote omitted).

[12] Docket 256 at 2.

[13] Docket 256 at 4 (citing Alaska R. Civ. P. 82(b)).

[14] Docket 256 at 7, 9, 16 (citations omitted).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 4 of 22

Case 3:16-cv-00136-SLG    Document 261    Filed 12/19/22    Page 4 of 22

of TD Ameritrade's full actual reasonable attorney's fees.[15] TD Ameritrade also reasserts its claim that its fees and rates were reasonable and consistent with those charged in Alaska, pointing primarily to the survey's 95% median rate of $500 per hour.[16]

## DISCUSSION

The parties dispute both the applicable legal standard governing TD Ameritrade's fee request and whether the fees billed are reasonable. Accordingly, the Court turns first to identification of the appropriate legal standard and then applies that standard to determine whether TD Ameritrade has met its burden to demonstrate the reasonableness of its fee request and, if not, what fee award is reasonable.

### I.    Applicable Legal Standard

Alaska law, rather than federal law, governs TD Ameritrade's fee request because TD Ameritrade requests fees generated in pursuit of its state-law claim for the invalidation of the documents that Mr. Matthews recorded in connection with a nonconsensual common law lien.[17] As noted in the Court's order on TD

---

[15] Docket 258 at 3, 4 (citations omitted).

[16] Docket 258 at 5.

[17] *See Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) (footnote omitted) (first citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); and then citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1279-80 (9th Cir. 1999)) ("[F]ederal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine . . . and *Erie* does not compel federal courts to apply state law to a federal claim.").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 5 of 22

Ameritrade's first motion for attorney's fees, TD Ameritrade is entitled to a reasonable fee award pursuant to AS §§ 09.45.164(c) and 09.45.167(a).[18] AS § 09.45.164(c) provides:

> If the court determines that the claim of nonconsensual common law lien is invalid, the court shall issue an order releasing the claim of lien and awarding costs and actual reasonable attorney fees to the party making the request. If the court determines that the claim of nonconsensual common law lien is valid, the court shall issue an order stating the claim of the lien is valid and shall award costs and actual reasonable attorney fees to the lien claimant.

AS 09.45.167(a) provides:

> A person who offers a claim of nonconsensual common law lien for recording or filing that is not accompanied by a specific order from a court of competent jurisdiction recognized under state or federal law authorizing the recording or filing of the lien is liable to the owner of the property affected by the lien for actual and punitive damages, as well as costs and actual reasonable attorney fees.

Mr. Matthews' contention that Rule 82 applies instead of these statutes is without merit. Rule 82 is a default procedural rule subject to an express exception: It applies "[e]xcept as otherwise provided by law or agreed to by the parties . . ."[19] AS §§ 09.45.164(c) and 09.45.167(a) are other sources of law that govern the award of fees in this case. Although the Alaska Supreme Court has not decided whether these specific statutory provisions are an exception to Rule 82's formula, it has directly addressed this issue of statutory interpretation in analogous cases.

---

[18] Docket 253 at 1 (citing *Cutler v. Kodiak Island Borough*, 290 P.3d 415, 418 (Alaska 2012).

[19] Alaska R. Civ. P. 82(a).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 6 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 6 of 22

In *Vazquez v. Campbell*, 146 P.3d 1 (Alaska 2006), the Alaska Supreme Court affirmed a lower court's award of full fees, recognizing that "[w]here statutes call for an award of reasonable attorney's fees to a prevailing party, we have concluded that reasonable actual fees are intended rather than reasonable partial fees as would be the case under Rule 82."[20] The language of the statute at issue in *Vazquez* is analogous in material respects to the language used in AS §§ 09.45.164(c) and 09.45.167(a).[21] There, as here, the statute does not expressly state that it overrides Rule 82's partial fee arrangement; nor does it specify that the prevailing party is entitled to a "full" award of its reasonable attorney's fees. The statute in *Vazquez* even includes an opening phrase that seemingly makes reference to the Alaska Rules of Civil Procedure: "To the extent authorized by court rules . . ."[22] Still, the Alaska Supreme Court expressly noted that this phrase "does

---

[20] *Vazquez,* 146 P.3d at 2 (first citing *Still v. Cunningham*, 94 P.3d 1104, 1117 (Alaska 2004); then citing *Bobich v. Stewart*, 843 P.2d 1232, 1237 (Alaska 1992); and then citing *Boyd v. Rosson*, 713 P.2d 800, 802 (Alaska 1986)).

[21] S*ee Vazquez*, 146 P.3d at 1 ("AS 25.30.500(a)[] requires the award of actual reasonable attorney's fees and expenses to the prevailing party in an enforcement proceeding conducted under the act."). *Compare* AS § 25.30.500(a) ("To the extent authorized by court rules, the court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney fees . . ."), *with* AS § 09.45.164(c) ("[T]he court shall issue an order releasing the claim of lien and awarding costs and actual reasonable attorney fees to the party making the request . . ."), *and* AS § 09.45.167(a) ("A person who offers a claim of nonconsensual common law lien for recording or filing . . . is liable to the owner of the property affected by the lien for actual and punitive damages, as well as costs and actual reasonable attorney fees.").

[22] *Vazquez*, 146 P.3d at 1.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 7 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 7 of 22

not alter our conclusion" that Rule 82's formula does not apply.[23]  In later cases involving statutes with similar language, the Alaska Supreme Court reaffirmed this interpretation, establishing clear precedent for how courts should interpret language in substantive statutes providing for the award of reasonable attorney's fees.[24]  The Court will interpret AS §§ 09.45.164(c) and 09.45.167(a) in accordance with this precedent.

Mr. Matthews maintains that because TD Ameritrade has not identified any real or personal property in Alaska to which the lien documents he recorded could have applied, AS §§ 09.45.164(c) and 09.45.167(a) are inapplicable.[25]  And in his surreply, Mr. Matthews attempts to distinguish this case from the Alaska Supreme Court cases that have applied attorney's fee provisions in substantive Alaska statutes over Rule 82.[26]  Mr. Matthews further contends that: (1) AS §§ 09.45.164(c) and 09.45.167(a) lack "any language to suggest that the application of Civil Rule 82 would 'interfere with the unique character and purpose' of their

---

[23] *Vazquez*, 146 P.3d at 2 n.4.

[24] *See State v. Native Vill. of Nunapitchuk*, 156 P.3d 389, 403 (Alaska 2007) (citations and footnotes omitted) ("Alaska has numerous fee-shifting provisions that are intertwined with statutes.  We have interpreted such provisions to call for the award of actual reasonable fees, in contrast to the partial reasonable standard employed in Rule 82 cases."); *Krone v. State, Dep't of Health & Soc. Servs.*, 222 P.3d 250, 257 (Alaska 2009) (citing AS § 09.60.010(c)(1)) (ruling that a substantive statute's attorney's fee provisions allowed an award of full reasonable fees as opposed to an award of partial fees under Rule 82).

[25] Docket 256 at 12-13.

[26] Docket 259 at 5-9.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 8 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 8 of 22

provisions"; and (2) both provisions mirror the language used in Rule 82(b)(2), which provides for "costs and actual reasonable attorney fees."[27]  He also cites several cases in which the Alaska Supreme Court applied Rule 82 to determine an award of attorney's fees.[28]

These arguments are unavailing.  First, AS §§ 09.45.164(c) and 09.45.167(a) are precisely the type of governing provisions of law that apply in place of Rule 82, as Alaska Supreme Court precedent establishes.[29]  Indeed, the legislative history makes clear that Rule 82 does not apply to actions brought under AS §§ 09.45.164(c) and 09.45.167(a):

> CHAIRMAN ROKEBERG questioned whether "actual reasonable attorney fees" would equal 100 percent reimbursement.
>
> MR. WOOLIVER replied that is correct, as long as the fees are reasonable.
>
> CHAIRMAN ROKEBERG **clarified that Rule 82 and the others that pertain to the allocation does [sic] not come into play in this situation.**
>
> MR. WOOLIVER said that is true.
>
> * * *

---

[27] Docket 259 at 7, 8. (citing *In re Vernon H.*, 332 P.3d at 576-77).

[28] Docket 259 at 8, 9.

[29] *See Eldemar v. Weissmuller*, No. S-17214, 2019 WL 2524245, at *1 (Alaska June 19, 2019) (quoting *Vazquez*, 146 P.3d at 2) ("We have held that if 'statutes call for an award of reasonable attorney's fees to a prevailing party, . . . reasonable actual fees are intended rather than reasonable partial fees' as awarded in other contexts.").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 9 of 22

REPRESENTATIVE RYAN asked if Rule 82 applies to everyone else, why a more punitive provision is included in SB 195 allowing reimbursement of the full amount.

MR. WOOLIVER replied a lot of legislation comes with that same language requiring "actual reasonable attorney fees." Its purpose is to act as an extra disincentive for harassment action. Rule 82 was designed to not discourage legitimate lawsuits where the cost of attorneys' fees can preclude a person from pursuing a case.[30]

In light of the above, the Court is confident that the Alaska Supreme Court would find that the State's nonconsensual lien statute is a "specific statutory scheme" with which Rule 82 would "interfere" if the Court were to apply it here.[31]

The Court further finds that AS §§ 09.45.164(c) and 09.45.167(a) apply even if TD Ameritrade does not have real or personal property in Alaska. There is no language in those provisions imposing such a burden of proof on the party against whom a nonconsensual lien is filed. Moreover, the legislative history supports an interpretation of the provisions' wide applicability to liens filed in relation to any property, whether in Alaska or elsewhere.[32] Although AS § 09.45.164(a) contains the phrase "[a] person **whose real or personal property** is subject to a claim of

---

[30] Minutes, H. Labor and Commerce Standing Comm. Sess. Regarding S.B. 195, nos. 1142-62, 20 Alaska State Leg. (Mar. 2, 1998), https://www.akleg.gov/basis/Meeting/Detail?Meeting=HL%26C%201998-03-02%2015:22:00#tab3_4 (emphasis added).

[31] *In re Vernon H.,* 332 P.3d at 576 (internal quotations and citations omitted).

[32] *See* Minutes, S. Judiciary Comm. Sess. Regarding S.B. 195, no. 001, 20 Alaska State Leg. (Feb. 16, 1998), https://www.akleg.gov/basis/Meeting/Detail?Meeting=SJUD%201998-02-16%2013:30:00 ("[T]his type of lien has no relation to the property itself.").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 10 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 10 of 22

nonconsensual common law lien . . ." (emphasis added), the statute does not directly address a situation where a claimant records an invalid lien against an entity that does not own property in the state of Alaska. But surely, the Alaska Legislature did not intend for such a claimant to avoid liability for attorney's fees when an equally responsible claimant who directs an invalid lien toward a holder of property located in Alaska is liable for the responding party's attorney's fees.[33] Additionally, the definition of "nonconsensual common law lien" does not limit such a lien to real or personal property located in the State of Alaska.[34] Reading this distinction into a compensatory and punitive statute would run directly counter to the legislature's intent to fully compensate the respondents for their reasonable attorney's fees and other costs.[35] TD Ameritrade's potential lack of property in

---

[33] *Cf. Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1574 (9th Cir. 1990) (rejecting an interpretation of a federal securities law that would have distinguished independent contractors from agents because doing so "would be an unduly restrictive reading of the statute and would tend to frustrate Congress' goal of protecting investors.").

[34] AS § 09.45.169(2) defines "nonconsensual common law lien" as:

a lien on real or personal property that

(A) is not provided for by a specific state or federal statute or municipal ordinance;

(B) does not depend on the consent of the owner of the property affected for its existence; and

(C) is not an equitable, constructive, or other lien imposed by a court recognized under state or federal law . . .

[35] *See* AS 09.45.167(a) (establishing liability "for actual and punitive damages, as well as costs and actual reasonable attorney fees"); Minutes, H. Labor and Commerce Standing Comm. Sess. Regarding S.B. 195, no. 1216, 20 Alaska State Leg. (Mar. 2, 1998), https://www.akleg.gov/basis/Meeting/Detail?Meeting=HL%26C%201998-03-

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 11 of 22

Alaska did not eliminate its need to pursue legal remedies to cancel Mr. Matthews' invalidly recorded documents.

Nor is it compelling that AS §§ 09.45.164(c), 09.45.167(a), and Rule 82 share the "actual reasonable attorney['s] fees" language.[36] If anything, when read in context, this language demonstrates the opposite of what Mr. Matthews asserts. Rule 82 provides that a court "shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."[37] In contrast, AS §§ 09.45.164(c) and 09.45.167(a) use similar language without including a percentage cut. If Rule 82 did not include the phrase "20 percent of" before "its actual attorney's fees," the rule could be construed as allowing a party to recover its full attorney's fees necessarily incurred. Because AS §§ 09.45.164(c) and 09.45.167(a) contain similar language but omit the phrase requiring courts to apply a percentage reduction, the natural implication is that a court applying the attorney's fee provisions of AS §§ 09.45.164(c) and 09.45.167(a) should *not* apply a percentage reduction.

---

02%2015:22:00#tab3_4 (describing the statute's attorney's fee provisions' purpose "to act as an extra disincentive for harassment action").

[36] AS § 09.45.164(c); AS § 09.45.167(c); Alaska R. Civ. P. 82(b)(2).

[37] Alaska R. Civ. P. 82(b)(2).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 12 of 22

Case 3:16-cv-00136-SLG    Document 261    Filed 12/19/22    Page 12 of 22

Moreover, the cases Mr. Matthews cites in which the Alaska Supreme Court applied Rule 82 are inapposite.[38]  In three of the four cases, neither the court nor the party requesting fees identified a governing substantive attorney's fee statute.[39]  Instead, Rule 82 applied as a default to the attorney's fee awards in question.  The fourth case Mr. Matthews cites, *Pollard*, centered on the limits to a statutory attorney's fee provision that differed in material respects from the provisions at issue here.[40]  There, the Alaska Supreme Court recognized that the so-called "divorce exception" to Rule 82 only applies until the divorce is finalized because the operative statute only applies to fee awards "[d]uring the pendency of the action."[41]  After the divorce is finalized, Rule 82 then applies because the statutory exception no longer applies.  By contrast, AS §§ 09.45.164(c) and 09.45.167(a) contain no such limitation.  In sum, none of these cases stands for

---

[38] *See* Docket 259 at 8, 9 (first quoting *Windel v. Matanuska-Susitna Borough*, 496 P.3d 392, 402-03 (Alaska 2021); then citing *Blair v. Fed. Ins. Co.*, 433 P.3d 1048, 1050 n.1 (Alaska 2018); then citing *Sykes v. Lawless*, 474 P.3d 636, 646-47 (Alaska 2020); and then citing *Pollard v. Pollard*, No. S-17575, 2020 WL 3572621, at *2-3 (Alaska July 1, 2020)).

[39] In *Windel* and *Sykes*, the prevailing parties expressly cited Rule 82, not a substantive statute, as supporting authority in their fee requests.  *See* Matanuska-Susitna Borough's Motion for Attorney's Fees, *Windel v. Matanuska-Susitna Borough*, 496 P.3d 392 (Alaska 2021) (No. 3PA-15-02151 Cl.), 2018 WL 4216767; Motion for Enhanced Attorney's Fees, *Sykes v. Lawless*, 474 P.2d 636 (Alaska 2020), 2018 WL 8343643.  In *Blair*, the issue before the court was whether an insured's attorney's fees already calculated under Rule 82 were included in his policy limits, not whether Rule 82 would apply to determine a fee award.  433 P.3d at 1050-51.

[40] No. S-17575, 2020 WL 3572621 at *2.

[41] *Id.* at *3; *see also* AS § 25.24.140(a)(1) ("During the pendency of the action, a spouse may . . . be awarded expenses, including (1) attorney fees and costs . . . .").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 13 of 22

the proposition that Rule 82 applies in the face of substantive statutes that allow, without limitation, the recovery of the prevailing party's full actual reasonable attorney's fees.

## II.     Reasonableness of the Requested Fee Award

Mr. Matthews urges the Court to evaluate the discretionary factors set forth in Rule 82(b)(3) to reduce or deny any fee award.[42]   He contends that TD Ameritrade's fees were not "necessarily incurred" and that the hours billed were not commensurate with the simplicity of the legal issues that he asserts could have been resolved through "a simple motion" because the lien he recorded "was clearly invalid."[43]

As discussed above, Rule 82 does not apply to this attorney's fee award, and the Court need not evaluate the discretionary factors of Rule 82(b)(3) to determine the reasonableness of TD Ameritrade's requested fee award.  Still, the Court should consider "all factors relevant to reasonableness" in evaluating the request, which may nonetheless include the Rule 82(b)(3) factors as well as those set forth in Alaska Bar Rule 35 and Alaska Rule of Professional Conduct 1.5.[44]

---

[42] Docket 256 at 4, 5.

[43] Docket 256 at 10.

[44] *See, e.g., Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 332 P.3d 554, 559 (Alaska 2014) ("But we recognized that when the list of factors in Rule 1.5 does 'have a place in a court's calculation of reasonable actual fees, it is most likely in determining whether the hourly rate charged is reasonable.'"); AS 09.45.164(c) (authorizing an award of "actual **reasonable** attorney fees") (emphasis added); AS 09.45.167(a) (same).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 14 of 22

Some of the factors articulated in those rules, particularly the "reasonableness of the attorneys' hourly rates and the number of hours expended," are helpful in evaluating TD Ameritrade's requested attorney's fees.[45]  Indeed, "[c]ourts often approach the question [of determining the reasonableness of a fee request] by determining whether the hourly rate charged was reasonable and whether the number of hours worked was reasonable."[46]  Accordingly, the Court will discuss those factors most relevant here and, in doing so, address Mr. Matthews' arguments in favor of a reduced award.

---

[45] Alaska R. Civ. P. 82(b)(3).  The other Rule 82 factors are: the complexity of the litigation; the length of trial; the reasonableness of the number of attorneys used; the attorneys' efforts to minimize fees; the reasonableness of the claims and defenses pursued by each side; vexatious or bad faith conduct; the relationship between the amount of work performed and the significance of the matters at stake; the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts; the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and other equitable factors deemed relevant.  *Id.*  The Alaska Bar Rule 35 factors are: the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to properly perform the legal service; the likelihood that the acceptance of the particular employment will preclude other employment by the attorney; the fees customarily charged in the locality for similar legal services; the amount involved and the results obtained; the nature and length of the professional relationship with the client; the time limitations imposed by the client or by the circumstances; the experience, reputation, and ability of the attorney or attorneys performing the services; and whether the fee is fixed or continent.  Alaska Bar Rule 35(a).  These factors are similar to and overlap significantly with those that Ninth Circuit district courts use to evaluate the reasonableness of attorney's fee awards in cases involving federal claims.  *See Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974)) (listing twelve factors courts should consider when evaluating attorney's fee applications).

[46] *Valdez Fisheries*, 217 P.3d at 833 (first citing Alaska R. Civ. P. 82(b)(3); and then citing Alaska Bar Rule 35(a)).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 15 of 22

**A. TD Ameritrade's Submission**

Although TD Ameritrade's fee request meets the procedural requirements of Local Civil Rule 54.2 and Federal Rule of Civil Procedure 54, TD Ameritrade has not adequately demonstrated that the hourly rates charged by its firm's partners are reasonable in the District of Alaska, despite having been accorded a second opportunity to do so. Specifically, TD Ameritrade's references to the rates charged by its own Alaska counsel are insufficient to establish the hourly rate for this locality, and, in any event, show that out-of-state attorney Ms. Ronen's rates generally were higher than those charged by TD Ameritrade's Alaska attorneys.[47] The 2017-2018 U.S. Consumer Law Attorney Fee Survey Report supports a similar conclusion, as it identifies Alaska state-wide average and median hourly rates for all attorneys of $325 and a median metropolitan attorney hourly rate of $400.[48] The 95% median hourly rate for all attorneys in Alaska of $500 comes closer to the partner-level range billed in this case but still falls well below the highest rates at which Ms. Ronen billed in recent years.[49] The survey also identifies the same or lower rates

---

[47] *See* Docket 254-1 at 2, 3, ¶¶ 2, 3 (identifying hourly rates of $467.50, $548, $580, and $639 for time spent by partners working on this matter); Docket 253 at 3 (Order Re Motion for Attorneys' Fees); *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.").

[48] Docket 254-1 at 104.

[49] *See* Docket 254-1 at 104 (identifying a 95% median hourly rate of $500); Docket 254-1 at 2,

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 16 of 22

for attorneys in Anchorage, where this Court is physically located.[50]  The Court acknowledges that billing rates have likely increased in recent years but finds that TD Ameritrade has not offered any evidence of how much, if at all, hourly rates may have increased in the District of Alaska.

## B. A Reasonable Award

In recent years, federal and state courts in Alaska have found rates ranging from $275 to $400 per hour to be reasonable for Alaska attorneys, depending on their years of experience and the subject matter.[51]  Based on these cases, the Court's familiarity with rates typically charged in this District, the 2017-2018 U.S. Consumer Law Attorney Fee Survey Report TD Ameritrade cited, and the relatively straightforward nature of TD Ameritrade's lien claim, the Court finds that a rate of $400 per hour is a reasonable hourly rate for the partners who billed time on this

---

3, ¶¶ 2, 3 (identifying Ms. Ronen's hourly rates of $548, $580, and $639).

[50] See Docket 254-1 at 106 (identifying an average attorney rate for all Anchorage attorneys of $320 per hour, a median rate for all Anchorage attorneys of $325 per hour, and a 95% median rate for all Anchorage attorneys of $475 per hour).

[51] See Gwitchyaa Zhee Corp. v. Alexander, No. 4:18-cv-0016-HRH, 2021 WL 1061974, at *5-6 (D. Alaska Mar. 18, 2021) (finding hourly rates ranging from $275 to $390 to be reasonable for Anchorage attorneys in an ejectment case); Seward Prop. v. Arctic Wolf Marine, Inc., No. 3:18-cv-00078-SLG, 2022 WL 17414964, at *3 (D. Alaska Dec. 5, 2022) (finding hourly rates of up to $350 reasonable in the District of Alaska); Warnke-Green v. Pro-W. Contractors, LLC, 440 P.3d 283, 293 (Alaska 2019) (noting that a $400 hourly rate has been awarded in workers' compensation cases); Nautilus Marine, 332 P.3d at 557 n.11 (noting hourly rates of $325 and $375 billed by Anchorage attorneys litigating a case related to the Exxon Valdez oil spill); Cooper v. Thompson, 353 P.3d 782, 796 (Alaska 2015) (affirming a lower court's finding that an hourly rate of $295 was reasonable for counsel practicing personal injury law).

Case No. 3:16-cv-00136-SLG, TD Ameritrade, et al. v. Matthews
Order Re Renewed Motion for Attorney's Fees
Page 17 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 17 of 22

matter.[52]  The Court finds that a $400 hourly rate, rather than a rate closer to $300 per hour, is warranted for Ms. Ronen given her approximately 20 years of experience through the present.[53]  The Court will adjust TD Ameritrade's partner rates accordingly but will leave unadjusted the rates at which TD Ameritrade's counsel billed for associates and paralegals.[54]

In considering the time spent on this matter, the Court finds that TD Ameritrade's counsel billed a reasonable number of hours.[55]  The lien matter involved Mr. Matthews' filing of meritless documents, as Mr. Matthews now concedes; and yet it took over five years from the filing of the original complaint to resolve the lien matter.[56]  TD Ameritrade's counsel billed 95.7 hours on this matter during that time.[57]  This amount of time is not unreasonable given the voluminous documents Mr. Matthews generated during the course of this the litigation, the

---

[52] Mr. Matthews advocates for a $300 hourly rate, citing a blog post that relies on unspecified data.  *See* Docket 256 at 7 (citing *How Much Do Lawyers Cost: Fees Broken Down by State*, ContractsCounsel (Aug. 17, 2021), https://www.contractscounsel.com/b/how-much-do-lawyers-cost).  Mr. Matthews does not explain why the Court should rely on this blog post, and so the Court will not base its determination of a reasonable hourly rate on this source.

[53] *See* Docket 254-1 at 78-80 (Biography of Melanie Ronen).

[54] Docket 254-1 at 2, 3, ¶¶ 2, 3.

[55] *See* Docket 254-1 at 2, 3, ¶¶ 2, 3 (identifying hours spent by each timekeeper).

[56] *See* Docket 1 (TD Ameritrade's original complaint, filed on June 27, 2016); Docket 239 (the Court's August 26, 2021 judgment invalidating and cancelling the liens); Docket 198-1 at 5-6 (Dep. of James Matthews) (acknowledging that he recorded the lien in order "to get the attention of a company . . .").

[57] Docket 254-1 at 2, 3, ¶¶ 2, 3.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 18 of 22

motion practice leading to the Court's invalidation and cancellation of the liens, and the time spent preparing this motion for attorney's fees.[58]  Mr. Matthews argues that TD Ameritrade's counsel used "largely partners for at best associates [sic] work, and more likely paralegal level work."[59]  Although partners did bill more time than did associates or paralegals, there is no indication from TD Ameritrade's billing records that the partners worked inefficiently or spent significant amounts of time on work more appropriately suited for associates.[60]  Mr. Matthews also takes issue with what he claims are non-contemporaneous time records and redactions that he alleges obscure "just what was done by each attorney."[61]  These claims are unsupported.   The legal invoices do contain substantial redactions, but the redactions appear to be reasonably tailored to remove confidential information or time entries related to other facets of this litigation unrelated to the lien matter.  The

---

[58] *See, e.g.*, Docket 4 (Amended Complaint); Docket 114 (Scheduling and Planning Order); Docket 189 (Order Re Motion for Expedited Consideration of the December 3, 2020 Motion for Immediate Stay of All Proceedings Including Discovery); Docket 198 (Motion for Cancellation and Declaratory Judgment); Docket 210 (Response in Opposition to Motion for Cancellation and Declaratory Judgment); Docket 217 (Reply in Support of Motion for Cancellation and Declaratory Judgment); Docket 249 (Motion for Attorneys' Fees).

[59] Docket 256 at 7.

[60] *See, e.g.*, Docket 254-1 at 8-16 (identifying associate time spent researching and drafting the complaints, summonses, a declaration, and a motion for an extension of time for service of the amended complaint); Docket 254-1 at 19 (identifying associate time spent researching Mr. Matthews' recordings and liens).  There were instances later in the litigation when Ms. Ronen spent time researching the law, but the time spent is not unreasonable in the Court's view.  *See, e.g.*, Docket 254-1 at 40, 42 (identifying .3 and 1 hours spent by Ms. Ronen on legal research into possible claims and Alaska statutes).

[61] Docket 256 at 11.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 19 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 19 of 22

time entries that are viewable are contemporaneous; that is, they contain dates and the time spent on each task as well as the timekeeper's billing rate and a description of the task performed.[62] The Court has identified no material deficiencies with these billing records.

Taking into consideration the above, the Court will issue a total attorney's fee award of $33,164.75, as calculated below:

| Professional | Hours | Time Period | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Courtney Collins (associate) | 33.50 | 4/16 – 9/16 | $284.75 (unadjusted) | $9,539.13 |
| Herbert Ray (shareholder) | 1.20 | 5/16 – 9/16 | $400.00 (adjusted downward from $467.50) | $480.00 |
| Zachary Berne (associate) | 1.10 | 11/18 – 1/19 | $284.75 (unadjusted) | $313.22 |
| Melanie Rosen (shareholder) | 29.90 | 8/19 – 2/21 | $400.00 (adjusted downward from $548) | $11,960.00 |
| Melanie Rosen (shareholder) | 11.30 | 3/21 – 9/21 | $400.00 (adjusted downward from $580) | $4,520.00 |
| Melanie Rosen (shareholder) | 3.00 | 6/22 | $400.00 (adjusted downward from $639) | $1,200.00 |
| Leslie Smith (paralegal) | 0.50 | 1/21 – 2/21 | $212.00 (unadjusted) | $106.00 |
| Melanie Ronen (shareholder) | 8.40 | 7/22 | $400.00 (adjusted downward from $639) | $3,360.00 |
| Melanie Sharpe (paralegal) | 6.80 | 7/22 | $248.00 (unadjusted) | $1,686.40 |
| **Total** | | | | **$33,164.75** |

---

[62] *See generally* Docket 254-1 at 8-76.

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 20 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 20 of 22

Mr. Matthews' arguments for a more substantial reduction are not persuasive. There was no indication of bad faith or vexatious conduct on behalf of TD Ameritrade or its counsel.[63] Nor were TD Ameritrade's motivations "questionable" or "inhumane."[64] Given Mr. Matthews' recording of meritless documents despite repeated correspondence from TD Ameritrade as to their lack of merit, TD Ameritrade had little choice but to hire counsel to seek a court order invalidating those recordings.[65] Mr. Matthews also claims that he was "willing[] to cancel the lien (or join in a stipulated court order that purpose)," but he opposed TD Ameritrade's motion to cancel the documents and had not yet sought to cancel all of the documents on his own by the time TD Ameritrade filed its motion for cancellation.[66] But for Mr. Matthews' actions and years-long failure to cancel the documents he filed, TD Ameritrade would not have had to incur the attorney's fees for which it seeks compensation here.

---

[63] Docket 256 at 12.

[64] Docket 256 at 13.

[65] *See* Docket 4-4 (August 13, 2015 Letter); Docket 4-5 (September 10, 2015 Letter); Docket 4-8 (December 31, 2015 Letter).

[66] *See* Docket 256 at 11 (Opposition to Renewed Motion for Attorneys' Fees); Docket 210 (Opposition to TD Ameritrade's Motion for Cancellation and Declaratory Judgment). In his opposition to TD Ameritrade's motion for cancellation and declaratory judgment, Mr. Matthews informed the Court that the lien filings "were deleted from the Anchorage Recording District records," but this was false. *See* Docket 225 at 3 ("[W]e have rechecked the information on file in the Anchorage Recording District . . . and in fact the previous filing by Mr. Matthews . . . had not been stricken from the records.").

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 21 of 22

Case 3:16-cv-00136-SLG   Document 261   Filed 12/19/22   Page 21 of 22

The Court has considered the financial impact that an award of tens of thousands of dollars could have an individual like Mr. Matthews.[67] But this does not warrant a further fee reduction, particularly when Alaska law expressly provides for TD Ameritrade's recovery of its full reasonable attorney's fees.[68] And while this fee award may deter others from filing nonconsensual liens, that is precisely what the Alaska Legislature intended when it enacted AS §§ 09.45.164(c) and 09.45.167(a).

## CONCLUSION

For the reasons described above, TD Ameritrade's *Renewed Motion for Attorneys' Fees* at Docket 254 is GRANTED in part and DENIED in part.

IT IS HEREBY ORDERED that TD Ameritrade shall recover from Mr. Matthews $33,164.75 in attorney's fees. The Clerk of Court shall enter an amended judgment accordingly.

DATED this 19th day of December, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[67] *See* Docket 256 at 14 (citing Alaska R. Civ. P. 82(b)(3)) (describing Mr. Matthews' financial situation).

[68] AS § 09.45.164(c); AS § 09.45.167(a).

Case No. 3:16-cv-00136-SLG, *TD Ameritrade, et al. v. Matthews*
Order Re Renewed Motion for Attorney's Fees
Page 22 of 22